IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SYLVESTER HENRY,

                Plaintiff,

    v.                               CASE NO. 08-3121-SAC

RICHARD FOGLE,

                Defendant.

### O R D E R

    Plaintiff proceeds pro se and in forma pauperis on a civil action filed under 42 U.S.C. § 1983 while he was incarcerated in a Kansas correctional facility. It appears plaintiff was released from custody in May 2008. The court dismissed the complaint without prejudice on July 9, 2008, noting that court mail sent to plaintiff was returned undelivered, and plaintiff's failure to notify the court of his change of address.

    Before the court is plaintiff's motion to reopen his case. The court construes the pleading as a motion for relief from judgment pursuant to Rule 60(b) in the Federal Rules of Civil Procedure, and denies the motion. *See* <u>Van Skiver v. U.S.</u>, 952 F.2d 1241 (10th Cir. 1991)(Rule 60(b) applies to motion filed more than ten days after entry of judgment), *cert. denied* 506 U.S. 828 (1992).

    Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due

> diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The decision to "grant relief as justice requires under Rule 60(b) . . . is 'extraordinary and may only be granted in exceptional circumstances.'" Servants of the Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000)(*quoting* Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990)).

In his motion, plaintiff argues various state employees had his release address but failed to forward court mail to him, and points to his discovery and correction within days to weeks of his release of a postal problem in receiving forwarded mail.  However, under Rule 5.1(c) of the Rules of Practice and Procedure for the District of Kansas, plaintiff was under a continuing duty to notify the *clerk of the court* in writing of any change in his address.

Other than blaming the Kansas Department of Corrections for mishandling his post-release mail, plaintiff does not address why such notice was not provided *to the court*.  Nor does he provide any reasonable or persuasive reason for his significant delay in filing the instant motion.[1]  The court thus finds plaintiff has made no

---

[1] Plaintiff states only that his probation was twice revoked and "he had no means to contact the court per being transferred out of the county on occasion."  Doc. 8, p.6.

showing that he is entitled to relief under any subsection of Rule 60(b).

IT IS THEREFORE ORDERED that plaintiff's motion to reopen his case (Doc. 8), construed by the court as motion for relief from judgment under Rule 60(b), is denied.

**IT IS SO ORDERED.**

DATED:  This 6th day of March 2009 at Topeka, Kansas.


　　　　　　　　　　　　　　　　 s/ Sam A. Crow
　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　U.S. Senior District Judge